UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASSIM MOUZONE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WILSON ELEMENTARY PUBLIC SCHOOL, *et al.*,<br><br>Defendants. | Civil Action No. 25-00901 (JXN)(JRA)<br><br>**MEMORANDUM & ORDER** |

**NEALS**, District Judge

**THIS MATTER** comes before this Court upon *pro se* Plaintiff Kassim Mouzone's ("Plaintiff") Complaint ("Compl") (ECF No. 1) and application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1-1). For the reasons set forth below, Plaintiff's IFP Application is **DENIED**, and this matter is **ADMINISTRATIVELY TERMINATED**.

    1.    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Here, Plaintiff has not provided all the necessary information requested in the application instructions, which require applicants to "[c]omplete all questions in [the] application and then sign it. Do not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." Plaintiff's IFP Application contains numerous blank entries and is not signed by Plaintiff. (*See generally* IFP Application, ECF No. 1-1.)

    2.    Federal Rule of Civil Procedure 11(a) provides: "Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--

or by a party personally if the party is unrepresented." Plaintiff failed to sign his Complaint. (*See* Compl. at 11, ECF No. 1.) *See Anderson v. Dep't of Hous.*, No. 22-04954 (D.N.J. Aug. 18, 2022) (order administratively terminating matter for lack of signature on *in forma pauperis* application and complaint).[1] The Court will therefore administratively terminate this action. Plaintiff may reopen this matter if he timely submits a signed complaint. Accordingly, for the reasons stated above,

**IT IS** on this 4th of November 2025,

**ORDERED** as follows:

1. Plaintiff's IFP Application (ECF No. 1-1) is **DENIED without prejudice;**

2. The Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the Complaint (ECF No. 1). Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar, if originally timely filed timely (*see DaSilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ....") (citation and internal quotations omitted));

---

[1] Further, the Court notes that to the extent Plaintiff seeks to pursue claims on behalf of his minor children, E.F. and K.F., he cannot do so. (*See* Compl. at 2.) The Third Circuit has consistently held that a non-lawyer *pro se* parent cannot bring a lawsuit on behalf of her minor child. *Osei–Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("[A] non-lawyer appearing *pro se* [is] not entitled to play the role of attorney for [her] children in federal court."); *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 F. App'x 535, 536 (3d Cir. 2002) ("[A] guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer."). Although litigants have a right to bring and prosecute a lawsuit on their own behalf, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel."), and the Federal Rules of Civil Procedure permit a minor to bring a lawsuit through a guardian, Fed. R. Civ. P. 17(c), in *Osei-Afriyie*, the Third Circuit held that non-lawyer pro se parents cannot prosecute claims on behalf of their minor children reasoning that "[t]he choice to appear *pro se* is not a true choice for minors who under state law ... cannot determine their own legal actions." *Id*. at 882–83. Thus, Plaintiff cannot pursue claims on behalf of children in this matter.

3. Plaintiff will be permitted to reopen this matter by submitting within thirty (30) days of the date of entry of this Order a signed complaint and an amended IFP Application;

4. The Clerk shall seal the documents contained at ECF No. 1-1 pursuant to Local Civil Rule 5.3(c); and Plaintiff shall hereby be required to file redacted versions of these documents on the Court's electronic filing system. Plaintiff will also be ordered to file a motion seeking to have the documents filed at ECF No. 1-1 permanently sealed; and

5. The Clerk of the Court shall serve a copy of this Memorandum & Order upon Plaintiff by regular U.S. mail.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge